**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JENNIFER SCARBOROUGH, as Executor of the Estate of Wyleek Tinsley, Deceased,<br><br>   *Plaintiff,*<br><br>  v.<br><br>TOWNSHIP OF ABINGTON, et al.,<br><br>   *Defendants.* | CIVIL ACTION<br>NO. 25-2823 |

**Pappert, J.**             **February 27, 2026**

## <u>MEMORANDUM</u>

Jennifer Scarborough, as executor of the estate of her son, Wyleek Tinsley, sued the Township of Abington, Abington Police Chief Patrick Molloy and various "John Doe" police officers alleging, *inter alia*, wrongful death and excessive force after police shot and killed Tinsley while responding to a 911 call from Tinsley's girlfriend's daughter. The girl claimed her mother and Tinsley were arguing in her mother's apartment when she heard a gunshot.

More than eight months after filing her initial Complaint, Scarborough now moves to amend it, seeking to (1) add herself as an individual plaintiff, (2) substitute two named defendants for John Doe placeholders and (3) assert four new claims. The Court grants her motion in part and denies it in part. While Scarborough knew the individual officers' names and potential claims against them several months ago, the defendants will not be unduly prejudiced by the changes. But she cannot at this point

1

in the litigation—more than one month after the close of fact discovery—seek to assert claims on behalf of herself individually for the reasons explained more fully below.

I

A court should grant a plaintiff leave to amend a complaint "when justice so requires." Fed. R. Civ. P. 15(a)(2). "[L]eave to amend should be 'freely given,'" but the Court may "deny a request to amend if it is apparent from the record that (1) the moving party has demonstrated undue delay, bad faith or dilatory motives, (2) the amendment would be futile, or (3) the amendment would prejudice the other party." *Fraser v. Nationwide Mut. Ins. Co.*, 352 F.3d 107, 116 (3d Cir. 2003), *as amended* (Jan. 20, 2004). The decision whether to grant or deny leave to amend is within the sound discretion of the district court. *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 272 (3d Cir. 2001). Generally, "delay alone is an insufficient ground to deny leave to amend," *Cureton*, 252 F.3d 273, but "delay that is 'undue'—a delay that is protracted and unjustified—can place a burden on the court or counterparty, or can indicate a lack of diligence sufficient to justify a discretionary denial of leave." *Mullin v. Balicki,* 875 F.3d 140, 151 (3d Cir. 2017).[1]

---

[1]     Defendants argue Federal Rule of Civil Procedure 16's "good cause" standard applies to Scarborough's motion. (Resp. in Opp'n at 8, Dkt. No. 48.) "[W]hen a party moves to amend or add a party after a deadline in a district court's scheduling order has passed," they must meet Rule 16(b)(4)'s "good cause" standard before the Court "considers whether the party also meets Rule 15(a)'s more liberal standard." *Premier Comp Sols., LLC v. UPMC*, 970 F.3d 316, 319 (3d Cir. 2020). But Rule 16's "good cause" standard does not apply because the Amended Scheduling Order, (Dkt. No. 29), does not contain an explicit deadline to file amended pleadings. *See Giordano v. Unified Judicial System of Pennsylvania*, 20-277, 2022 WL 309436, at *2 n.1 (E.D. Pa. Feb. 2, 2022); *see also Sacerdote v. New York Univ.*, 9 F.4th 95, 115 (2d Cir. 2021) ("[The scheduling order] set no expiration date after which all amendments were prohibited, which would have triggered the stricter Rule 16(b)(4) 'good cause' standard . . . if plaintiffs wanted to amend after the stated deadline, they only needed the court's leave—under Rule 15(a)(2).").

II

A

Scarborough cannot justify her delay in adding herself as an individual plaintiff so that she can attempt to recover personal damages in addition to any recovery for the estate. She offers no legal support for such a request. She claims that before she filed her motion on February 11, 2026, defendants opposed her proposed amendments because they included "Jennifer Scarborough as a Plaintiff in her own right." (Mot. for Leave to Amend at 3, Dkt. No. 46.) Other than this procedural comment, she does not mention the proposed addition or any reason for her delay in seeking amendment after fact discovery closed on January 8, 2026. "[T]he question of undue delay requires that [the Court] focus on the movant's reasons for not amending sooner," *Cureton*, 252 F.3d at 273, something the Court cannot do because Scarborough fails to give any. *See Heyl & Patterson Int'l, Inc. v. F. D. Rich Hous. of Virgin Islands, Inc.*, 663 F.2d 419, 425 (3d Cir. 1981) ("[T]ruly undue or unexplained delay" justifies denial of a motion for leave to amend, even in the absence of "substantial or undue prejudice"); *see also Arthur v. Maersk, Inc.*, 434 F.3d 196, 205 (3d Cir. 2006) ("When a party fails to take advantage of previous opportunities to amend, without adequate explanation, leave to amend is properly denied.").

Scarborough's failure to explain her delay is likely the byproduct of an unfavorable paper trail. On October 27, 2025, during Scarborough's deposition, defense counsel asked whether she sought damages for medical treatment as a plaintiff. (Resp. in Opp'n Ex. F, Dkt. No. 48-7.) Plaintiff's counsel responded, "the complaint speaks for

3

itself." (*Id*.)  On November 11, 2025, the defense sought clarification in a letter to Scarborough's lawyers:

> As [Ms. Scarborough] is neither named as a plaintiff in the Complaint beyond that of the Executor, nor is there any mention of any damages personal to her such as emotional distress in the Complaint, I will not seek her records, nor schedule an IME/ retain an expert. If I am incorrect and missed something in the Complaint, please let me know.

(*Id*. Ex. G at 3, Dkt. No. 48-8.)  Counsel never responded to this, or an email eight days later on the same topic.  Allowing Scarborough to assert her own claims now would require the defense to re-depose her, retain their own expert and perhaps even have Scarborough independently evaluated, all of which would unduly prejudice them.  *See Cureton*, 252 F.3d at 273 (explaining that "additional discovery, cost, and preparation to defend against new facts or theories" are appropriate considerations in determining undue prejudice to a non-movant.)

Further, granting leave to add a new plaintiff would place an "unwarranted burden on the court." *Adams v. Gould Inc.*, 739 F.2d 858, 868 (3d Cir. 1984).  "A court's inherent power to manage its caseload, control its docket, and regulate the conduct of attorneys before it, provides authority to fashion tools that aid the court in getting on with the business of deciding cases." *Eash v. Riggins Trucking Inc.*, 757 F.2d 557, 567 (3d Cir. 1985).  Granting Scarborough's request would necessitate additional fact discovery, and an extension of the case's current deadlines, starting with the expert discovery period currently set to end on March 12.  (Am. Scheduling Order at 1, Dkt. No. 29.)

4

B

Scarborough also requests leave to amend her complaint to substitute Sergeant Daniel Burgmann and Officer Thomas Nyman in lieu of the originally named "John Doe Police Officers." (Mot. for Leave to Am. at 2–3.) All parties have known the names of the involved officers since, at the latest, June of 2025, so defendants are not unduly prejudiced by their formal naming now. (Resp. in Opp'n, Ex. C, Dkt. No. 48-4.) And, while Scarborough could have amended her pleading to long ago name the officers, it is not "apparent from the record" that the delay was undue or motivated by bad faith or dilatory motives. *Fraser,* 352 F.3d at 116.

C

Finally, Scarborough seeks to add four new counts in her proposed amended complaint: assault, battery and gross negligence against Burgmann and Nyman and gross negligence against Chief Molloy and Abington Township. (Proposed Am. Compl. at 25–27, Dkt. No. 46-2.) She argues the "proposed Amendment does not seek to prolong, extend or add to the discovery period in this case. On the contrary, the purpose is to conform the operative pleading to the facts that have been developed since the litigation began." (Mot. for Leave to Am. at 5.)

"[P]rejudice to the non-moving party is the touchstone for the denial of an amendment." *Cornell & Co. v. Occupational Safety & Health Rev. Comm'n*, 573 F.2d 820, 823 (3d Cir. 1978). The proposed new counts are based on facts long known to and investigated by defendants and Scarborough represents that no further discovery will be necessary. Moreover, defendants do not contend amendment to add these claims would be unduly prejudicial or futile. *See Adams,* 739 F.2d at 869 ("In light of . . . the

failure of defendants to specify any particular prejudice, we hold that defendants are not prejudiced by plaintiffs' attempt to amend their complaint in order to assert a new legal theory at this point of the litigation.")

An appropriate Order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*
Gerald J. Pappert, J.